UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELA RASPONI, | Case No. 2:14-CV-726 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| AHERN RENTALS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Ahern Rentals, Inc.'s motion for summary judgment against plaintiff Angela Rasponi. (ECF No. 26). Plaintiff filed a response to the motion (ECF No. 30), and defendant subsequently replied. (ECF No. 35).

**I.  Background**

Plaintiff Angela Rasponi ("Rasponi") was employed by defendant Ahern Rentals, Inc. ("Ahern") as an administrative assistant, and later an executive assistant, for approximately five years. (ECF No. 1 at 2). On February 8, 2013, Ahern officially terminated Rasponi. (*Id.*).

Rasponi claims that her supervisor, Tony Regno ("Regno"), subjected her to sexual harassment on numerous occasions throughout the term of her employment. (*Id.*). These reported episodes included inappropriate touching and comments made by Regno during a dinner outing amongst co-workers and at least five other instances of inappropriate touching and sexual comments while at work. (*Id.* at 3). However, Regno denies that these interactions ever took place, and Rasponi never reported the instances of sexual harassment to human resources ("HR"). (ECF No. 27 at Exh. A).

On or about January 23, 2013, an IT employee, Nick Huntington ("Huntington") went to Rasponi's desk to fix her computer. (ECF No. 1 at 4). Regno allegedly noticed that Huntington

**James C. Mahan**
**U.S. District Judge**

was spending more time at Rasponi's desk than he would typically spend at other employees' desks. (ECF No. 26 at 5). About an hour later, Regno asked Rasponi if Huntington was flirting with her, and Rasponi responded that he was not behaving in an inappropriate manner. (ECF No. 1 at 4). Later, Regno allegedly made another comment to Rasponi about Huntington "spending thirty minutes working on other female employees' computers, but when it came to one of the prettiest girls in the department (in reference to [Rasponi]), he took much longer." (*Id.*). Rasponi later approached Regno and told him she was uncomfortable with his comments regarding Huntington and the earlier incident. (*Id.*).

From February 19, 2008, until her eventual termination on February 8, 2013, Rasponi received frequent written and verbal warnings regarding her punctuality, failure to obtain prior approval for working overtime, and insubordination. (ECF No. 27 at Exh. G–W). On February 7, 2013, Rasponi was in the office of HR executive director Robin Yturiaga ("Yturiaga") to receive a final warning for her issues with attendance and punctuality. (ECF No. 26 at 7–8). During the meeting, Yturiaga noticed that Rasponi was recording the meeting on her mobile device, which constituted a violation of company policy. (*Id.* at 8). Yturiaga informed Rasponi that she would be suspended pending investigation for failure to comply with company policy and rules. (*Id.*). Ahern ultimately terminated Rasponi for failing or refusing to cooperate with the ensuing investigation. (ECF No. 26 at 7–8) (citing ECF No. 27 at Exh. BB). Yturiaga made the final decision to terminate Rasponi, and Regno agreed with her decision. (ECF No. 26 at 8).

Nevertheless, Rasponi felt that she was terminated from Ahern in retaliation for her comments to Regno regarding Huntington and the January 23, 2013, incident. (ECF No. 1 at 8). She filed a "charge of discrimination" with the Equal Employment Opportunity Commission ("EEOC") and Nevada Equal Rights Commission ("NERC"). (ECF No. 26 at 9). The EEOC complaint cites only the January 23, 2013, incident with Huntington as evidence of Regno's alleged harassment. (ECF No. 27 at Exh. EE).

The EEOC and NERC ruled against Rasponi on her discrimination claim. (ECF No. 30 at 11). Rasponi subsequently sent the NERC and EEOC a "long letter" voicing her concerns about the outcome of her complaint and listing further examples of Regno's alleged harassment. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Rasponi then brought suit against Ahern for hostile environment sexual harassment, quid pro quo sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Rasponi alleges that she was subject to multiple instances of sexual harassment and quid pro quo sexual harassment in the form of inappropriate comments made to her by Regno. (ECF No. 1). Rasponi further alleges that she was terminated from Ahern in retaliation for expressing concern regarding some of Regno's comments. (*Id.*).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving

party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**III.   Discussion**

Rasponi's complaint contains three counts against Ahern under Title VII: (1) hostile environment sexual harassment; (2) quid pro quo sexual harassment; and (3) retaliation. (ECF No. 1).

Ahern argues that the court should grant summary judgment in its favor because (1) Rasponi did not sufficiently exhaust her EEOC administrative remedies; (2) there are no genuine issues of material fact that would support Rasponi's Title VII hostile environment sexual harassment and retaliation claims; and (3) Ahern terminated Rasponi based on her misconduct and not because of any improper actions by Ahern. (ECF No. 26).

Rasponi argues that her EEOC complaint sufficiently exhausted her administrative remedies. (ECF No. 30 at 12–15). Rasponi further argues that there are genuine issues of material fact with respect to her Title VII claims. (*Id.* at 16–30).

*a. Exhaustion of administrative remedies*

In order to bring Title VII claims to federal district court, plaintiffs must first exhaust all administrative remedies, including regulatory and judicially imposed remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). The specific claims presented in district court must first be presented to the EEOC. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). However, the district court has jurisdiction over any charges of discrimination that are "like or reasonably related

**James C. Mahan**
**U.S. District Judge**

- 4 -

to" the charges made before the EEOC, as well as charges that reasonably could be expected to grow out of those allegations. *Id.* (citation omitted). "In determining whether an allegation under Title VII is like or reasonably related to allegations contained in a previous EEOC charge, the court inquires whether the original EEOC investigation would have encompassed the additional charges." *Green v. Los Angeles Cty. Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989).

Ahern alleges that Rasponi failed to exhaust her administrative remedies by not including the other instances of alleged sexual harassment upon which her present suit relies. (ECF No. 26 at 14). Ahern further argues that the long list of instances of sexual harassment by Regno alleged in Rasponi's complaint cannot reasonably be expected to grow out of the single January 23, 2013, incident referred to in her EEOC complaint.

Rasponi asserts that her subsequent letter to the EEOC detailing the various instances of sexual harassment she experienced should be considered as evidence that her claims were properly exhausted. Rasponi supports this argument by pointing to instances where courts have accepted EEOC pre-complaint questionnaires as evidence of exhaustion and argues that her letter to the EEOC is analogous. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1102 (9th Cir. 2002) (holding that if the charge itself is deficient in recording a plaintiff's theory of the case due to the negligence of the agency, then she may submit her pre-complaint questionnaire as evidence that her claim for relief was properly exhausted).

However, a subsequent letter detailing further allegations of sexual harassment is not the same as a pre-complaint questionnaire. Courts allow a plaintiff to submit her pre-complaint questionnaire as evidence of exhaustion because it demonstrates that the agency was notified about the plaintiff's theory of the case prior to filing and negligently failed to include pertinent information. *See B.K.B.*, 276 F.3d at 1102. However, Rasponi sent her letter to the EEOC after the complaint was filed and the EEOC had already denied her claim. (ECF No. 30 at 11).

Rasponi's letter did not put the EEOC on notice of her allegations and thus does not show that the EEOC negligently failed to include them in her claim. Therefore, Rasponi has not adequately exhausted her administrative remedies as required by Title VII. The allegations in

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  Rasponi's complaint that Regno sexually harassed her on numerous occasions, both in the office
2  and during social occasions, cannot reasonably be expected to grow out of the single reported
3  incident in Rasponi's EEOC complaint. Because Rasponi failed to detail the other instances of
4  sexual harassment in her EEOC complaint, she has failed to exhaust her administrative remedies,
5  and therefore this court will only weigh the January 23, 2013, IT incident in evaluating her present
6  claims.

      *b. Quid pro quo sexual harassment*

The only instance of alleged sexual harassment which has been properly submitted to and evaluated by the EEOC is the January 23, 2013, incident. Accordingly, that allegation is the only instance of sexual harassment that this court has jurisdiction to evaluate. Because count two of Rasponi's complaint for quid pro quo sexual harassment in violation of Title VII makes no mention of the January 23, 2013, incident, this court does not have jurisdiction to evaluate this claim until Rasponi properly exhausts her administrative remedies. (*See* ECF No. 1 at 6–7). Therefore, summary judgment will be granted in Ahern's favor with regard to count two.

      *c. Hostile environment sexual harassment*

A hostile work environment claim may exist when the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). To establish a prima facie case for hostile work environment, a plaintiff must demonstrate (1) that she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently pervasive or severe to create an abusive work environment or alter the conditions of the plaintiff's employment. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

A plaintiff must successfully demonstrate that his workplace was both objectively and subjectively hostile. *Nichols v. Azteca Rest. Enterprises*, 256 F.3d 864, 872 (9th Cir. 2001). An isolated comment that offends an employee does not rise to the level of a hostile work environment. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004) (citing *Nichols*, 256 F.3d at

**James C. Mahan**
**U.S. District Judge**

- 6 -

871–72). However, if the conduct routinely "pollutes the victim's workplace, making it more difficult for [her] to do [her] job, to take pride in his work and to desire to stay in his position, then plaintiff may have a claim for hostile work environment." *Id.*

To resolve a claim for hostile work environment, the district court considers all of the circumstances of a hostile work environment claim, "including the frequency of the allegedly discriminatory conduct, its severity, and whether it unreasonably interferes with an employee's work performance." *Surrell v. California Water Service Co.*, 518 F.3d 1097, 1109 (9th Cir. 2008) (citing *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000)).

Because Rasponi has not exhausted all of her administrative remedies with respect to her other allegations, the court may consider only the January 23, 2013, incident contained in the EEOC complaint to evaluate her hostile environment sexual harassment claim. Even accepting the facts as alleged, the January 23, 2013, incident is an isolated example of alleged sexual harassment by Regno. A singular incident of "offensive" conduct cannot be considered pervasive.

Furthermore, Regno's inquiry about whether Huntington was flirting with Rasponi, and commenting that he found it peculiar that Huntington would spend longer working with "one of the prettiest girls in the department," is not sufficiently offensive or abusive to create a hostile work environment. *See McGinest*, 360 F.3d at 1113. Because Rasponi fails to provide evidence of even one instance of "abusive" harassment by Regno, summary judgment will be granted in Ahern's favor with regard to count one of Rasponi's complaint.

  d. *Retaliation under Title VII*

In order to demonstrate a prima facie case of retaliation, the plaintiff must establish that (i) she undertook a protected activity under Title VII; (ii) her employer subjected her to an adverse employment action; and (iii) there is a causal link between those two events. *Vasquez v. City of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). "[A]n action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).

To establish the causal link, plaintiff must show that her protected activity was a "but-for" cause of the alleged adverse action by the employer. *University of Tex. Sw. Med. Center v. Nassar*,

133 S.Ct. 2517, 2533 (2013). "If a plaintiff has asserted a prima facie retaliation claim, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision." *Ray*, 217 F.3d at 1240. "If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive." *Id.*

Despite Rasponi's claims to the contrary, the evidence presented makes clear that her suspension and subsequent termination occurred as a result of her breaking company policy by recording the conversation with Yturiaga and failing to cooperate with the resulting investigation. (ECF No. 26 at 29). Ahern has thus articulated a legitimate, nondiscriminatory reason for its decision to terminate Rasponi. Indeed, the decision to terminate Rasponi was made by Yturiaga, not Regno, making retaliation for rebuffed sexual advances less likely. (ECF No. 26 at 8). Therefore, Rasponi has failed to establish a prima facie case for retaliation under Title VII, and summary judgment will be granted in Ahern's favor with regard to count three of Rasponi's complaint.

**IV. Conclusion**

Defendant Ahern has successfully demonstrated that plaintiff Rasponi has failed to show any genuine dispute of material fact that would support her claims for hostile environment sexual harassment, quid pro quo sexual harassment, and retaliation under Title VII. Plaintiff has failed to exhaust her administrative remedies, and has further failed to show that a genuine issue of material fact exists with respect to those claims. Summary judgment will therefore be granted in Ahern's favor on all claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Ahern Rentals, Inc.'s motion for summary judgment (ECF No. 26) be, and the same hereby is, GRANTED.

The clerk shall enter judgment in favor of defendants and close the case.

DATED June 22, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**